## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| EVER NOE RAMIREZ CARRANZA | : | |
| 9303 19th Avenue | : | |
| Apt. 202 | : | |
| Adelphi, Maryland 20783 | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RDS CONSTRUCTION, INC. | : | |
| 14114 Grand Pre Road | : | |
| Suite 31 | : | |
| Silver Spring, Maryland 20906 | : | |
| | : | |
| Serve:  Resident Agent | : | |
| Reginaldo da Silva | : | |
| 2301 Shorefield Road | : | |
| Apt. 334 | : | |
| Silver Spring, Maryland 20906 | : | |
| | : | |
| REGINALDO DA SILVA | : | |
| 2301 Shorefield Road | : | |
| Apt. 334 | : | |
| Silver Spring, Maryland 20906 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Ever Noe Ramirez Carranza ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendant RDS Construction, Inc. and Reginaldo da Silva (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl*., § 3-501, *et seq*., the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl*. § 3-401, *et seq*., stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## INTRODUCTION

Plaintiff worked for Defendants as a laborer. Plaintiff was paid at the same regular hourly rate for all hours worked. He worked between fifty-four and sixty-six hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty as required by Maryland and federal law. Defendant has willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.       This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.       Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.       Plaintiff is an adult resident of Maryland.

4.       Defendant RDS Construction, Inc. ("RDS") is a Maryland corporation.

5.       Defendant Reginaldo da Silva is the owner of RDS.

6.       At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.       Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8.       Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4857361_1

commerce.   Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9.      At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10.     Defendant Reginaldo da Silva controlled the day to day operations of RDS.

11.     Defendant Reginaldo da Silva had the power to hire, fire, suspend, and discipline Plaintiff.

12.     Defendant Reginaldo da Silva supervised Plaintiff directly or indirectly.

13.     Defendant Reginaldo da Silva directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14.     Defendant Reginaldo da Silva directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15.     The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16.     Defendant Reginaldo da Silva would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

<u>FACTS</u>

17.     Plaintiff was employed by Defendant as a laborer from January 1, 2008 through April 15, 2016 and again from May 9, 2016 through July 31, 2016 ("Employment Period").

18.     Plaintiff was paid at a regular hourly rate of $20.00 for all hours worked throughout the Employment Period.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4857361_1

19.     Plaintiff worked between fifty-four and sixty-six hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

20.     Plaintiff is owed approximately $31,524.00 in unpaid overtime wages.

21.     Plaintiff is owed overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

22.     By statute, Defendant is required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

23.     Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

24.     The precise number of hours worked, and wages owed, should be revealed through discovery.

25.     Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

26.     Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27.     The amounts owed to Plaintiff by Defendant for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4857361_1

28.     Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

29.     While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendant as required by the MWPCL.

30.     Unpaid overtime wages are due and owing to Plaintiff by Defendants.

31.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but no less than $94,572.00 which equals three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

32.     Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

33.     Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.  *See* 29 U.S.C. § 207(a)(2).

34.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

4857361_1

35.     Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

36.     Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $63,048.00 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

37.     Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

38.     Defendants were required to pay to Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

39.     While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendant as required by the MWPCL.

40.     Unpaid overtime wages are due and owing to Plaintiff by Defendants.

41.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $31,524.00 which is two times the total overtime wages owed and to

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

4857361_1

grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:       /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (17140)

       /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (07200)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)
mlombardo@steinsperling.com
egarcia@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

4857361_1