IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

EVER NOE RAMIREZ CARRANZA, :
:
Plaintiff, : Civil Action No. 8:16-cv-3604
:
v. :
:
RDS CONSTRUCTION, INC., ET AL., :
:
Defendants. :

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Ever Noe Ramirez Carranza ("Plaintiff"), by and through his counsel Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC and Defendants, RDS Construction, Inc. and Reginaldo Da Silva ("Defendants"), by and through their counsel Joel I. Hoffman and Joel I Hoffman, LLC, jointly respectfully request that this Honorable Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*

## INTRODUCTION

Plaintiff commenced this action on or about November 1, 2016, in the United States District Court for the District of Maryland. The Complaint raises claims for unpaid wages, including overtime pay, under the MWPCL, the FLSA and the MWHL.

Plaintiff worked for Defendants as a laborer. The gravamen of Plaintiff's claims is that during the time he worked for Defendants he was a non-exempt employee, and was not compensated at a rate of one and one half times his regular hourly rates for all hours worked over

4

forty hours. In the Complaint, Plaintiff claimed they were owed approximately $31,524.00 in unpaid overtime wages. However, Defendants provided Plaintiff's counsel with the timesheets which purported to show that Plaintiff was owed significantly less than originally alleged in the Complaint. Plaintiff contested the veracity of the time records provided by the Defendants and contended that he was employed by Defendants for longer than was acknowledged.

Without a settlement of this matter, the parties face an uncertain outcome, litigation of this matter would likely be both time-consuming and expensive, and even after conducting some extensive discovery, including depositions of all parties, in light of the disputed issues, each side's likelihood of success remains uncertain.

In recognition of these factors, the parties recently reached a settlement, the terms of which were reduced to a written "Settlement Agreement" (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as <u>Exhibit 1</u>.

As the parties seek a waiver of all potential FLSA claims in the Settlement Agreement, the parties seek the Court's approval of the Settlement Agreement. *See* 29 U.S.C. § 216(b) (c); *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 745 (1981); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946); *Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870 (D. Md. Aug. 31, 2011).

## DISPUTED CLAIMS

The Complaint raises claims for unpaid overtime pay, and alleges violations of the overtime requirements of the MWPCL, the FLSA, and the MWHL.

The parties dispute whether Plaintiff were entitled to overtime compensation for the MWPCL, the FLSA, and the MWHL.

Defendants deny all of the allegations in the Complaint, asserts that Plaintiff were

properly paid for all hours worked, and that Defendants' pay practices and recordkeeping practices were adopted and implemented in good faith.[1] Defendants contend that Plaintiff worked substantially less hours than they allege in the Complaint, that he was paid at or above the applicable minimum wage and that his overtime wages were contemplated within his salaries.

## THE PROPOSED SETTLEMENT

Based on the information exchanged, the Parties reached a settlement of all claims brought by Plaintiff. In acknowledgement of some remaining disagreement regarding compensation, both parties agreed to a settlement for less than the originally requested amount claimed in the Complaint. The settlement shall be for a total payment of $9,373.00 ("Settlement Sum"), payable in two equal installment payments on October 20, 2017 and on November 20, 2017 as follows: one in the amount of Two Thousand Three Hundred Ninety-Six Dollars and Fifty Cents ($2,396.50) payable to Eve Noe Ramirez Carranza and one in the amount of Two Thousand Two Hundred Ninety Dollars ($2,290.00) payable to Stein Sperling Bennett De Jong Driscoll PC. *See* Ex. 1. Plaintiff has reviewed the terms of the settlement with his Counsel and is satisfied that this represents a fair and reasonable settlement of his claims.

The attorneys' fees were negotiated separately from the amount to be paid directly to Plaintiff and reviewed by Plaintiff's counsel together with Plaintiff in relation to their respective fee agreement. Although Plaintiff's counsel has spent an appreciable amount of time working on the case at hand, counsel has agreed to substantially reduce their fees in light of settlement. Through October 9, 2017, the attorneys' fees in this matter were $7,171.00 and the litigation

---

[1] Liquidated damages may not be awarded, or they may be awarded in an amount less than the full allowable amount, if the employer acted in good faith and reasonably believed that it did not violate the law. 29 U.S.C. § 260; Md. Code Ann., Lab. & Empl. § 3-427(d)(2).

costs are $580.00. Attached as <u>Exhibit 2</u> is a copy of the Plaintiff's counsel fees and costs. As such, the Parties' respective attorneys respectively suggest that the Court should approve these fees.

Based on the information, documents and other informal discovery exchanged between the Parties, the Parties believe that the offer of settlement is fair and reasonable and is an equitable compromise of disputed facts and claims. The terms of the settlement are embodied in a Confidential Settlement Agreement agreed to by all Parties.

## APPLICATION OF LEGAL STANDARD

The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999). *See also Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870 (D. Md. Aug. 31, 2011).

Courts may approve FLSA settlements for less than full value of Plaintiff's claims if there are *bona fide* disputes as to the Plaintiff's entitlement to overtime pay. *Lane*, 2011 U.S. Dist. LEXIS 97870, *4. Indeed, this Court has employed the considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See Lane*, 2011 U.S. Dist. LEXIS 97870, *4. Applying this standard, this Court has found that an FLSA settlement should be approved if the settlement reflects a reasonable compromise over disputed issues. *Lynn's Food Stores* and similar cases recognize a role for less-than-full-value compromise in the FLSA settlement process; these compromises reflect the many factors that may be in play as the parties negotiate. *Lane v. Ko-Me, LLC*, 2011 U.S. Dist. LEXIS 97870 (D. Md. Aug. 31, 2011).

7

Fairness and reasonableness is evaluated in light of the following factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiff; (5) the opinions of [] counsel . . . ; and (6) the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, * 8-9, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) *(quoting Lomascolo*, 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955, at *10); *Coles v. Von Paris Enters.*, 2014 U.S. Dist. LEXIS 167864, at *17-18 (D. Md. Dec. 3, 2014). In sum the Court considers the FLSA issues in dispute, the fairness and reasonableness of the settlement in light of the relevant factors, and the reasonableness of the attorneys' fees, if included in the agreement. *Saman supra*.

Here, each of those factors can be easily evaluated, and supports the conclusion that the settlement is reasonable: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and settlement negotiations which transpired between the Parties' counsel; (ii) the Parties settled this matter only after exchanging documentation and discussing the Plaintiff's pay records in great detail; (iii) counsel engaged in hours of negotiation, information exchange and a review of governing precedent; (iv) throughout this litigation, Plaintiff was represented by Counsel who adequately protected their rights; (v) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA given the facts uncovered during informal discovery; (vii) the Parties agree that the settlement is fair, just, and adequate to settle Plaintiff's claims. It is therefore clear that "the parties had had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement

8

negotiations" that Plaintiff's counsel has significant experience and both parties engaged in vigorous representation. These factors all weigh in favor of approval. *See Coles v. Von Paris Enters.*, 2014 U.S. Dist. LEXIS 167864 (D. Md. Dec. 3, 2014).

The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable after taking into account the risks and costs of litigation. *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982) (*citing City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)). In this case, Plaintiff's Counsel is fully aware of the factual contentions of her clients and is in the best position to opine as to whether this settlement produces fair result after consideration of risks.

Although Defendant disputes Plaintiff's entitlement to any additional overtime compensation from Defendant, in light of the time and expense involved in litigating this case, the Parties have compromised their claims and defenses in amounts mutually agreed upon.

In sum, the pleadings and Agreement reflect that this litigation involves bona fide disputes of fact over whether overtime wages are owed, and if so, how much is owed. The Parties agree that the Agreement represents a fair and reasonable compromise of the claims involved and the disputes between the Parties.

Consistent with the language in the Agreement, Plaintiff represent and agree that the settlement payments reflect just, adequate, and reasonable compensation for all claims of purported overtime giving rise to the Complaint, and reflect a fair compromise for their wage claim, such that Plaintiff represent and agree that they are not entitled to any additional compensation of any sort from Defendants with respect to those claims.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties'

Settlement Agreement, and dismissing this action with prejudice. Counsel for Defendants have authorized Plaintiff's Counsel to file this Joint Motion and Proposed Order.

October 10, 2017

    Respectfully submitted,

    STEIN SPERLING BENNETT
    JONG DRISCOLL PC

By:     /s/ *Eduardo S. Garcia*
    Eduardo S. Garcia (07200)
    25 West Middle Lane
    Rockville, Maryland 20850
    (301) 340-2020
    (301) 354-8326 – fax
    egarcia@steinsperling.com

*Attorneys for Plaintiff*

-and-

JOEL I. HOFFMAN, LLC

By:     /s/ *Joel I. Hoffman*
    Joel I. Hoffman, Esquire
    Bar Number 03577
    966 Hungerford Drive, Suite 21-B
    Rockville, Maryland 20850
    (301) 838-9100
    jhoffman@hoffmanlawgroup.com

*Attorneys for Defendants*

(Signed by Eduardo S. Garcia with the authority of Joel I. Hoffman)

5461579_1