# EXHIBIT 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between Ever Noe Ramirez Carranza ("Plaintiff") and RDS Construction, Inc. and Reginaldo Da Silva (collectively "Defendants"). (Plaintiff and Defendants are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the parties.

WHEREAS, Plaintiff brought a lawsuit in the United States District Court for the District of Maryland, Case No. 8:16-cv-03604 (the "Case") for alleged violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*, the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann, *Labor & Empl.*, § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann, *Labor & Empl.*, § 3-501, *et seq.*;

WHEREAS, Defendants deny and have denied any liability in this matter.

WHEREAS, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements under the MWHL, the MWPCL and the FLSA, therefore, the parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so to avoid any future litigation;

NOW THEREFORE, it is hereby agreed between Plaintiff and Defendants to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1. <u>Payment to Plaintiff</u>. In consideration for this Agreement, Defendants shall pay to Plaintiff the total sum of Nine Thousand Three Hundred Seventy-Three Dollars ($9,373.00) (the "Settlement Amount"). The Settlement Amount shall be made as follows:

a.  On or before October 20, 2017, **time being of the essence**, shall deliver two payments in immediately available funds (i.e. money order or cashier's check) to Eduardo S. Garcia at 25 W. Middle Lane, Rockville, Maryland 20850: one in the amount of Two Thousand Three Hundred Ninety-Six Dollars and Fifty Cents ($2,396.50) payable to Eve Noe Ramirez Carranza and one in the amount of Two Thousand Two Hundred Ninety Dollars ($2,290.00) payable to Stein Sperling Bennett De Jong Driscoll PC.

b.  On or before November 20, 2017, **time being of the essence**, shall deliver two payments in immediately available funds (i.e. money order or cashier's check) to Eduardo S. Garcia at 25 W. Middle Lane, Rockville, Maryland 20850: one in the amount of Two Thousand Three Hundred Ninety-Six Dollars and Fifty Cents ($2,396.50) payable to Eve Noe Ramirez Carranza and one in the amount of Two Thousand Two Hundred Ninety Dollars ($2,290.00) payable to Stein Sperling Bennett De Jong Driscoll PC.

The above payments shall be inclusive of all claims for attorney's fees and expenses, and no other payments of any kind will be made by Defendants pursuant to this Agreement.

2.  <u>Default.</u> Failure by Defendants to pay any or all moneys due on or before the date outlined in this agreement shall be default hereunder. In the event that the default that is not cured within five (5) calendar days, Plaintiff shall be entitled to the Settlement Amount, with credits given to amounts paid by Defendants prior to default. Plaintiff will also be entitled to attorneys' fees incurred, from the date of default, in securing the full settlement amount.

3.  <u>Mutual Releases</u>. Plaintiff, on behalf of themselves, his heirs, executors, administrators, personal representatives, and assigns, does hereby release, acquit, exonerate, and forever discharge Defendants and its past and present affiliates, successors, assigns, predecessors, owners, principals, subsidiaries, insurers, reinsurers, employees, and all persons acting by, through, under or in concert with any of them, of and from all and every manner of action and actions, charges, grievances, cause and causes of action, obligations, demands, liabilities, defenses, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, of any kind whatsoever, known or

unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, or otherwise, which the Plaintiff ever had, now have, or hereafter can, shall, or may have against the Defendants, individually or collectively, for unpaid wages and overtime pay. His release also includes any claim for attorneys' fees.

Defendants, its past and present affiliates, successors, assigns, predecessors, owners, principals, subsidiaries, insurers, reinsurers, employees, and all persons acting by, through, under or in concert with any of them, do hereby release, acquit, exonerate, and forever discharge Plaintiff, of and from all and every manner of action and actions, charges, grievances, cause and causes of action, obligations, demands, liabilities, defenses, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, or otherwise, which the Defendants ever had, now have, or hereafter can, shall, or may have against Plaintiff, except as provided herein.

4. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Plaintiff's right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the EEOC or state fair employment practices agency, or other federal or state regulatory law enforcement agency. However, the consideration provided to Plaintiff in this Agreement will be the sole relief provided to Plaintiff for their released claims, and Plaintiff will not be entitled to recover, and agree to waive, any monetary benefits or recovery against Defendants in connection with any such claim, charge, or proceeding without regard to who has brought the complaint or charge.

5. <u>Non-Admission</u>. This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the Parties agree that Defendants's willingness to settle the claims in this Lawsuit is not an admission of any liability regarding any claim or legal theory.

6. <u>Joint Motion for Judicial Approval</u>. Plaintiff and Defendants shall seek approval of this Agreement, including a Joint Motion to Approve Settlement Agreement and proposed order dismissing this case with prejudice.

7. <u>Confidentiality.</u> Going forward from the execution of the Agreement, Plaintiff agree to keep confidential the facts and circumstances giving rise to this Agreement and all terms and conditions of this Agreement. If Plaintiff are asked about this litigation, they will respond by saying only, "The matter has been dismissed."

8. <u>Transfer of Claims</u>. Plaintiff understands and agrees that this Agreement applies not just to him, but also to his respective heirs, executors, administrators and other agent or representative of Plaintiff. Plaintiff hereby states that he has the sole right and exclusive authority to execute this Agreement and that Plaintiff has not sold, assigned, transferred or conveyed in any other manner any rights covered by this Agreement. Plaintiff further represents that there is nothing that would prohibit them from entering into this Agreement.

9. <u>Acknowledgment</u>. Plaintiff acknowledges no representation, promise or inducement has been made other than as set forth in this Agreement, and that each of them enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Plaintiff further acknowledges and represents that each of them assumes the risk for any mistake of fact now known or unknown, and that each of them acknowledges the consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Plaintiff also acknowledges that, prior to executing this Agreement, he has (a) consulted with or

has had the opportunity to consult with an attorney of their choosing concerning this Agreement and has been advised to do so by Defendants; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on their own judgment and/or their attorney's advice. Plaintiff each acknowledge that they have been given a reasonable time to consider the terms of this Agreement.

10. <u>Payment of Applicable Taxes.</u> Plaintiff shall be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of the receipt of any portion of the monetary payment provided under this Agreement.

11. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, and by electronic PDF format or facsimile signature, each of which shall be deemed an original and all of which shall constitute one in the same Agreement.

12. <u>Choice of Law</u>. The laws of Maryland shall apply to any disputes arising from or under this Agreement, or with respect to its interpretation, without regard to its conflict of law principles, except where the application of federal law applies.

13. <u>Entire Agreement</u>. This Agreement sets forth the entire Agreement between the Parties with respect to all disputes or claims that Plaintiff have or could have had against Defendants, and fully supersedes any and all prior negotiations, agreements, or understanding, whether written or oral, between the parties pertaining to the subject matter of this Agreement. This Agreement shall not be changed unless in writing and signed by both Plaintiff and Defendants.

14. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Plaintiff that is not invalid.

15. <u>Headings</u>.  The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement:

PLAINTIFF

_____        Dated: _____
Ever Noe Ramirez Carranza

DEFENDANTS

_____        Dated: _____
By:
On behalf of RDS Construction, Inc.

_____        Dated: _____
Reginaldo Da Silva, Individually